IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELBA JOYCE MCDANIEL WALSH, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>STEPHEN BILLY, et al., )<br>)<br>Defendants. ) | Case No. 2:24-cv-598-RAH-CSC<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Proceeding pro se, Plaintiff Melba Joyce McDaniel Walsh filed this complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. Doc. 1. Walsh names as defendants District Attorney Stephen Billy, Chief of Police Kenneth Brazil, and Police Officer Russell Clausdell. *Id*. at 1. She challenges actions by the named defendants that occurred in relation to her 2020 arrest for multiple felonies in East Brewton, Alabama, and the ensuing criminal proceedings that resulted in her conviction in the Circuit Court of Escambia County, Alabama. *Id*. at 1–8. Upon consideration of Walsh's complaint, the Court finds this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Upon filing the complaint, Walsh filed a motion in support of a request for leave to proceed *in forma pauperis*. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Southern District of Alabama.

## II.  DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a). The actions described in Walsh's complaint all occurred in Escambia County, which is located in the federal jurisdiction for the Southern District of Alabama. Walsh identifies no defendant who resides within the federal jurisdiction for the Middle District of Alabama, and the addresses she provides for the three defendants named in her complaint are in Brewton and East Brewton, cities in Escambia County. She describes no events or omissions giving rise to her claims that occurred in the Middle District of Alabama, and she identifies no other basis for proper venue in the Middle District. Therefore, under 28 U.S.C. § 1391(b), the proper venue for Walsh's action is the Southern District of Alabama, and this case is due to be transferred under 28 U.S.C. § 1404(a).[2]

---

[2] In recommending transfer of this case, the Court makes no determination on the merits of the claims presented in the complaint.

### III.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is further ORDERED that the parties shall file any objections to this Recommendation by **October 16, 2024.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of October, 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE