IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MELBA JOYCE MCDANIEL WALSH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION: 24-00396-KD-N |
| ) | |
| **STEPHEN BILLY,** *et al.***,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Currently pending before the Court is Plaintiff Melba Joyce McDaniel Walsh's amended complaint for a civil action under 42 U.S.C. § 1983. (*See* Doc. 14). Walsh initiated this action while confined as a pretrial detainee at the Escambia County Jail. Walsh recently informed the Court that she was released from custody and provided a change of address. (*See* Doc. 16). Because Walsh filed this action while a detainee, she remains obligated to the pay the entire $350 filing fee for this action. *Gay v. Texas Dept. of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (finding a prisoner is obligated to pay the full filing fee for filing an action or appeal while he is incarcerated, and his subsequent release does not relieve this obligation); 28 U.S.C. § 1915(b)(1). Accordingly, for Plaintiff Walsh to proceed with this civil action, she is **ORDERED** to pay the $350.00 filing fee (minus any partial filing fee(s) she has paid) by **June 2, 2025**, because the Court no longer has the means by which to collect the amounts owed. Because Walsh previous paid a partial filing fee of $9.50, the current amount owed is $340.50.

If Plaintiff is unable to pay the amount owed in one, lump-sum payment at that time, Plaintiff may file a new motion to proceed without prepayment of fees by **June 2, 2025.** Should Plaintiff elect to file a new motion, the motion should include information that explains how she

is providing for life's basic necessities. To the extent that she is receiving assistance in meeting the basic necessities, she is **DIRECTED** to detail the amount of such assistance and provide the name of the individual or entity providing such assistance. If Plaintiff files a new motion, the Court will review it and establish an appropriate payment schedule for the payment of the remainder of the $350.00 filing fee. The failure to timely make a scheduled payment will result in a recommendation of dismissal without further notice. Plaintiff's civil action will not proceed until the Court receives within the prescribed time the payment of the remainder of the $350.00 filing fee for the respective case **or** a new motion to proceed without prepayment of fees.

The failure to comply with this Order by **June 2, 2025** or to notify the Court of a change in address will result in a recommendation of dismissal of this action for failure to prosecute and to comply the Court's Order.

The Clerk is **DIRECTED** to send Plaintiff a form for a motion to proceed without prepayment of fees.

## NOTICE TO PLAINTIFF:

Review of Plaintiff's amended complaint (Doc. 14) reflects that it is simply a copy of the original complaint (Doc. 1 at 1-5, 8). Consequently, the factual allegations of the complaint continue to be insufficient to state a claim upon which relief may be granted, and the complaint currently risks dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) upon screening.

To plead her Fourth Amendment claims, Walsh is required to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," *id*., and demands that the

defendant is provided "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotaion marks and citation omitted). Walsh fails to do this.

In her amended complaint, she claims that she was "not allowed to get dressed or go use the restroom", that she was discriminated against based on her disability, her prescription medication was withheld, and that the one time she was allowed to use the restroom male officers watched her, and she questions the manner her home was searched. (*Id*. at 2-4). These allegations lack sufficient detail for the Court to determine the date of the arrest; what officer, defendant committed the possible constitutional wrongs (withheld her prescriptions, watched her use the bathroom, refused to allow her to go to the bathroom or dress, discriminated against her, or busted the urn in her home). Neither does the complaint describe how many officers were present, if female officers present, how long the search lasted, how was she discriminated against, and how (or if) she was harmed or injured. Without such facts, the amended complaint fails to state a claim and will be dismissed before being served on the defendants.

IF PLAINTIFF CHOOSES TO PROCEED WITH THIS ACTION by filing the owed $340.40 or is granted leave to proceed without prepayment of fees now that she is released, she will, by separate order, be required to amend her complaint to cure the deficiencies noted herein and previously in the Court's February 26, 2025 order (Doc. 13) or risk dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is cautioned, if her complaint is dismissed pursuant to § 1915(e)(2)(B), she will remain responsible for the entirety of the filing fee of this action, and the dismissal will count as a "strike" against her, pursuant to § 1915(g).

IF PLAINTIFF CHOOSES NOT TO PROCEED WITH THIS ACTION, it will be dismissed without prejudice and will not count as a strike against her for purposes of § 1915(g).

**DONE** and **ORDERED** this **5th** day of **May**, **2025**.

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**